**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BENJAMIN HALL THOMAS,

*Plaintiff*,

v.

JOHN FRANCIS MCCABE, JR., *et al.*,

*Defendants*.

Civil Action No. 25-03344 (AHA)

**Memorandum Opinion**

Benjamin Hall Thomas sues the District of Columbia, Judge John Francis McCabe, Jr., and attorney Gregory Nugent, asserting claims arising from the D.C. Superior Court's issuance of a temporary protection order and civil protection order restricting Thomas's contact with his wife and children. *See* ECF No. 3 ¶¶ 8–14, 62–146; ECF No. 3-1 at 1–3. According to the amended complaint, Judge McCabe signed the challenged civil protection order and Nugent represented Thomas's wife in the protection order proceedings. ECF No. 3 ¶¶ 9, 11, 13, 115. Thomas asks for the orders to be expunged, for 750,000 dollars, for declarations that his constitutional rights were violated, and other relief. The defendants move to dismiss the complaint, arguing that this court lacks jurisdiction to hear these claims and that Thomas fails to state a claim. ECF Nos. 10, 22. The court agrees and dismisses the case.[1]

To survive dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the court has subject matter jurisdiction to hear their

---

[1] As required at this stage, the court accepts the amended complaint's well-pled allegations and draws all reasonable inferences in Thomas's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

claim. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). The court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged,' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citations omitted) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). And to survive dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. District of Columbia*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Thomas's case must be dismissed because his claims challenge a state court decision that this court does not have jurisdiction to review. Under the *Rooker-Feldman* doctrine, federal district courts may not hear "cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). This prevents federal courts from considering issues that are "so 'inextricably intertwined' with a state court decision that 'the district court is in essence being called upon to review the state-court decision.'" *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quoting *Feldman*, 460 U.S. at 483–484 n.16). Federal jurisdiction is barred even when the plaintiff claims "that the state judgment itself violates the [plaintiff's] federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Here, Thomas's claims effectively challenge the D.C. Superior Court's decision to issue protection orders against him. *See* ECF No. 3 ¶¶ 62–146. Those claims are barred by the *Rooker-Feldman* doctrine, and this court does not have jurisdiction to review them. *See Johnson*, 512 U.S. at 1005–06; *see also T.M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739, 1745, 1748 (holding that *Rooker-Feldman* doctrine barred suit claiming plaintiff's due process rights were violated by state court order).

Thomas argues his claims challenge the constitutionality of the statute under which the court issued the protection orders, not the Superior Court's orders themselves. *See* ECF No. 29 at 5. But even "a constitutional claim pled as a general attack may be so 'inextricably intertwined' with a state court decision that 'the district court is in essence being called upon to review the state-court decision.'" *Stanton*, 127 F.3d at 75 (quoting *Feldman*, 460 U.S. at 483–484 n.16). Here, all of Thomas's claims and the injury he asserts stem from the protection orders issued against him and the conditions imposed by them, and this court would need to review the D.C. Superior Court's

decision to evaluate his claims. They are therefore "inextricably intertwined" with the D.C. Superior Court's decision. *Id*.

To the extent Thomas's claims against Nugent as an attorney can be viewed as independent of the D.C. Superior Court's decision, they fail to state a claim. Thomas's constitutional claims cannot proceed against Nugent because they apply only to state actors, while the amended complaint identifies Nugent as "a private attorney." ECF No. 3 ¶ 115; *see Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). And Thomas's remaining claims against Nugent are based on conclusory allegations. *See* ECF No. 3 ¶¶ 114–35; *see also Iqbal*, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

For these reasons, the court grants the motions to dismiss. A separate order accompanies this memorandum opinion.

AMIR H. ALI
United States District Judge

Date: September 10, 2026